IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV42-1-MU

| | |
|---|---|
| RODNEY MOUCELL JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUNCOMBE COUNTY, <u>et al.</u>, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Defendants Buncombe County and Van Duncan's Motion to Dismiss (Doc. Nos. 15 and 15-1), filed March 17, 2010; Defendants Moore and Hansen's Motion to Dismiss (Doc. Nos. 19 and 19-1), filed April 1, 2010; and Plaintiff's Motion to Strike (Doc. No. 17), filed March 30, 2010.

After a careful review of the record, for the reasons stated herein and in the Defendants' Motions to Dismiss, Plaintiff's Complaint is dismissed.

## **FACTS**

In his Complaint Plaintiff, a pre-trial detainee, alleges that the Defendants, Buncombe County, Sheriff Van, Duncan, District Attorney Moore, and Clerk of Court Hansen, have violated his constitutional rights. In support of his Complaint, Plaintiff states that on or about August 16, 2009, he was arrested on nine felony warrants and placed in the custody of Defendant Van Duncan. Plaintiff states that on or about August 17, 2009, he and his co-defendant were arraigned before a district court judge and an attorney was appointed to represent him. In addition, a state mandated probable cause hearing was

ordered to be held on September 4, 2009. Plaintiff states that on September 4, 2009, he and his co-defendant were escorted by Defendant Van Duncan or his agent to a court holding cell for the purpose of attending his state mandated probable cause hearing. Plaintiff states that his co-defendant appeared before the court and his bail was reduced from $ 900,000 to $ 90,000. Plaintiff alleges that Defendant Van Duncan or his agent failed to produce him for his probable cause hearing and that his bail continued to remain at $ 900,000. Plaintiff states that an agent of Defendant Van Duncan informed him that his probable cause hearing had been continued to September 18, 2009.

Plaintiff states that North Carolina law mandates that a probable cause hearing must be held within fifteen working days and that continuances may only be granted upon a written motion made at least 48 hours prior to a scheduled hearing. Plaintiff alleges that his continuance violated these mandatory provisions of state law. As a result, Plaintiff asserts that he has been unlawfully detained.

Plaintiff further alleges that on September 18, 2010, Defendant Van Duncan or his agents failed to produce him for his rescheduled probable cause hearing. Plaintiff states that in response he filed a grievance. In response to his grievance, Plaintiff was informed that he had not missed his probable cause hearing and that they were waiting on some indictments that were forthcoming. Plaintiff asserts that his probable cause hearing was thus unlawfully continued for a second time. When the date for his rescheduled probable cause hearing arrived Plaintiff asserts that it was unlawfully continued for a third time.

Finally, on November 19, 2009, Plaintiff appeared before the court. At that time, however, an assistant district attorney, requested yet another continuance on the basis that the State was preparing to indict Plaintiff. Plaintiff contends that at that time there was no

evidence or probable cause for Plaintiff's continued detention. Plaintiff asserts that probable cause hearings are "arbitrarily and capriciously held" in Buncombe County in violation of state and federal law. Plaintiff alleges that Defendant Moore and his agents are unlawfully allowed to dictate whether or not citizens receive probable cause hearings. Plaintiff asserts that these unlawful practices are implemented to induce guilty pleas.

Plaintiff alleges that on or about October 26, 2009, he submitted a pro se petition for writ of habeas corpus to the Buncombe County Superior Court. Plaintiff states that on or about November 4, 2009, Defendant Hansen received and signed for the petition. Plaintiff contends that with reckless indifference to Plaintiff's clearly established rights, Defendant Hansen failed to file Plaintiff's habeas petition. As a result, Plaintiff alleges that he remained unlawfully detained by Defendant Van Duncan and his agents. Plaintiff asserts that the actions of the Defendants violated his Due Process rights under the Constitution. Defendants have filed Motions to Dismiss.

## ANALYSIS

### A. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. To survive a motion to dismiss a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to the plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. V. J.D. Assoc.'s, LLP., 213 F.3d 175, 180 (4th Cir. 2000). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). "The plausibility standard requires a plaintiff to demonstrate more than sheer possibility that a defendant has acted unlawfully." Id. "It requires the plaintiff t articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief . . . ." Id. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility to entitlement for relief." Id. "[W]here the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief . . . ." Id. "The presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" cannot support the legal conclusion. Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2010).

Using the above-referenced standard, the Court will address Plaintiff's claims against each of the Defendants below.

## B. **DEFENDANT VAN DUNCAN**

Plaintiff alleges that Defendant Van Duncan, the Sheriff of Buncombe County, acted in concert with others to violate his constitutional rights. More specifically, Plaintiff alleges Defendant Van Duncan failed to produce him for scheduled probable cause hearings.[1]

---

[1] The Court notes that Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant Van Duncan had violated his constitutional rights on or about September 4, 2009, based upon the same conduct complained of by Plaintiff in the instant Complaint with regard to that date. (1:09CV370-MU.) The principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits. See Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991). As such, Plaintiff's claims with regard to Defendant Van Duncan's actions on September 4, 2009, are barred by the doctrine of res judicata.

Plaintiff fails to state a claim against Defendant Van Duncan. It is well-settled that supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Rather, §1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). The Court notes that Plaintiff fails to definitively state that Defendant Van Duncan personally escorted him to court. Rather, Plaintiff conveniently states Van Duncan or his agents escorted him. The Court notes that it is highly unlikely that Defendant Van Duncan himself would have personally escorted Plaintiff to court for his probable cause hearing. Plaintiff's vague wording is insufficient to attach liability to Defendant Van Duncan via personal conduct. Likewise, mere unsupported assertions by Plaintiff that a policy exists is insufficient to carry his burden. See Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility to entitlement for relief.") Consequently, Plaintiff has failed to state a claim against Defendant Van Duncan.

Moreover, in order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983. Plaintiff was arrested pursuant to nine felony warrants. Under such circumstances, there is no right to a probable cause hearing under federal or state law. See Baker v. McCollan, 443 U.S. 137, 142-43 (1979);

State v. Wiggins, 334 N.C. 18, 27 (1993); North Carolina v. Lester, 294 N.C. 220 (1978). As such Plaintiff has failed to state a claim on that basis as well.[2]

**C. DEFENDANT BUNCOMBE COUNTY**

Plaintiff alleges that his due process rights were violated pursuant to the policy or customs of Buncombe County when Defendant Van Duncan and Moore and their agents denied him the right to be free from incarceration absent a prompt pre-trial court appearance per N.C.G.S. § 15A-606 through § 15A-612.

A county may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Plaintiff's naked assertion of the existence of a policy or custom is insufficient. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility to entitlement for relief." ) Plaintiff provides no facts whatsoever to support his generalized claim of the existence of a custom or policy. Indeed, in contradiction of his general allegations, he specifically references a co-defendant who received a prompt probable cause hearing. Plaintiff has failed to state a claim against Buncombe County.

**D. DEFENDANT MOORE**

Plaintiff alleges that Defendant Moore, the District Attorney for Buncombe County,

---

[2] To the extent Plaintiff is attempting to sue Defendant Van Duncan for failing to release him, such a claim is frivolous. A sheriff cannot release a prisoner without an order from the court or authorization from the district attorney.

denied him a probable cause hearing as mandated by state law. In initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 427, 430 (1976). This absolute immunity attaches to prosecution conduct "intimately associated with the judicial phase of the criminal process." Id. at 430. Plaintiff's broad claim that Defendant Moore violated his rights by continuing and denying him a probable cause hearing is a claim based upon Defendant Moore's presentation of the State's case and thus he is entitled to immunity.

**E. DEFENDANT HANSEN**

Plaintiff alleges in his Complaint that he sent two copied of a habeas petition to the state court. Plaintiff alleges that Defendant Hansen, a deputy clerk of court, signed two return receipts indicating that she received Plaintiff's habeas filings. Plaintiff states that these habeas petitions were never filed. Plaintiff summarily alleges that "with reckless indifference" to his rights Defendant Hansen failed to file these documents.

Plaintiff's factual allegation establishes that Defendant Hansen signed the return receipts for his habeas petitions. To state the obvious – such an action does not violate Plaintiff's constitutional rights. Petitioner provides no evidence or facts whatsoever to support his bald accusation that Defendant Hansen personally or intentionally failed to file these documents. Plaintiff's allegation merely establishes that Defendant Hansen received Plaintiff's mailing; it in no way sufficiently alleges that Defendant Hansen took any action or inaction to deprive Plaintiff of his right to access the courts. See Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility to entitlement for relief."); see also Daniels v. Williams, 474 U.S. 327, 330

(1995)(Due Process clause is not implicated by a negligent act of an official); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995)(mere negligent conduct of misdirecting mail does not constitute a federal constitutional violation.) Claims may not be filed on pure speculation.

### F. MOTION TO STRIKE

Plaintiff has filed a Motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure seeking to have this Court strike all of the arguments these Defendants present in their Motion to Dismiss. Rule 12(f) only applies to pleadings and a Motion to Dismiss is not a pleading. Fed. R. Civ. P. 12(f). Plaintiff's Motion is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Moore and Hansen's Motion to Dismiss (Doc. No. 19) is **GRANTED**;

2. Defendants Van Duncan and Buncombe County's Motion to Dismiss (Doc. No. 15) is **GRANTED**;

3. Plaintiff's Motion to Strike (Doc. No. 17) is **DENIED**; and

4. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**.

Signed: May 14, 2010

Graham C. Mullen
United States District Judge