IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV42-1-MU

RODNEY MOUCELL JONES,           )
                                )
        Plaintiff,              )
                                )
    v.                          )       **O R D E R**
                                )
BUNCOMBE COUNTY, et al.,        )
                                )
        Defendants.             )
_____ )

This matter is before the Court upon Plaintiff's Motion to Reconsider (Doc. No. 29), filed May 26, 2010, and Plaintiff's Motion to Reconsider (Doc. No. 36), filed June 8, 2010.

On February 9, 2010, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On May 14, 2010, this Court granted Defendants' Motion to Dismiss. (Doc. No. 27.) Plaintiff has now filed a Motion to Reconsider pursuant to Rule 59(e) asking the Court to vacate its earlier Order and to reinstate his Complaint.

The Fourth Circuit has held that reconsideration is "an extraordinary remedy" that should be only "sparingly" used. Pacific Insurance Company v. American National Fire Insurance Co. 148 F. 3d 396, 403 (4th Cir. 1998). Reconsideration can only be granted on three grounds: (1) to accommodate an intervening change in controlling law; (2) to consider new evidence not previously available; or (3) to correct a clear error of law. See Hutchinson v. Staton, 994 F. 2d 1076 (4th Cir. 1993). Moreover, "Rule 59(e) motions may not be used to make arguments that could have been made before the

judgement was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). The Court has carefully reviewed Plaintiff's motion, Defendants' response, and the record and finds that Plaintiff has not established that he is entitled to relief under Rule 59(e).

Plaintiff has also filed a Motion to Reconsider asking the Court to vacate its June 9, 2010, Order denying his Motion for Leave to Amend his Complaint. (Doc. No. 36.) Plaintiff states that because he has a Rule 59(e) motion pending in this Court his case is not closed and he should be permitted to amend his Complaint. Plaintiff's filing of a motion to reconsider does not entitle Plaintiff to file and this Court to consider a motion to amend in a case where the Complaint has been dismissed. Moreover, Plaintiff's Motion to Reconsider the denial of his Motion to Amend is also denied as futile.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Reconsider (Doc. No. 29) is **DENIED**; and

2. Plaintiff's Motion to Reconsider (Doc. No. 36) is **DENIED**.

Signed: July 13, 2010

Graham C. Mullen
United States District Judge